# Miners National Bank of Pottsville, Appt., *v.* Rosina Bright.

Under the bankruptcy act of 1867, the assignee succeeds, not only to the title which the bankrupt had, but acquires also the right to all property fraudulently conveyed by him, including the ability to set aside convey-

NOTE.—So the assignee is entitled to the proceeds of sale realized upon execution issued on a fraudulently confessed judgment. Rohrer's Appeal, 62 Pa. 498. The creditor has no standing to interfere with the assets of the bankrupt estate, as held in MINERS' NAT. BANK'S APPEAL. Connell's Estate, 9 W. N. C. 406; Prichett v. Kelly, 2 W. N. C. 335.

ances which the bankrupt himself would be estopped from impeaching, and this right belongs exclusively to the assignee.

The failure of the assignee to sue within two years does not transfer the right to a creditor.

(Argued April 20, 1887.   Decided May 2, 1887.)

January Term, 1887, No. 275, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ.   Appeal from a decree of the Common Pleas of Schuylkill County dismissing a bill in equity.   Affirmed

The facts, as they appeared by the pleadings, were stated in the opinion filed by PERSHING, P..J., in the court below, which was as follows:

The bill of the complainant sets forth that on the first day of April, 1867, plaintiff recovered a judgment in this court against George Bright, which has since been regularly revived. The last revival was to No. 88, November term, 1882, for the sum of $51,078.69, and bears date the 10th day of December, 1883.

In October and November of the year 1866, George Bright confessed several judgments in favor of George Lerch, the brother of the defendant, Rosina Bright, and in favor of Joseph C. Bright, the son of said George Bright.   Under executions issued on these judgments nearly the whole of the personal property of the said George Bright was sold to George Lerch, for the sum of $1,612, a price which, it is alleged, was greatly inadequate; and the greater part of the real estate was purchased by Joseph C. Bright.   The proceeds of these sales were applied to liens prior to the judgment of the complainant.

It is further alleged in complainant's bill that, after these proceedings, the said George Bright filed his petition for discharge in bankruptcy; that his discharge was resisted by the complainant and other creditors; that meetings were held before the register, extending over several years, and that the said George Bright died on or about June 29, 1884, before his examination (which was delayed on account of his physical and mental condition) was completed, and without his having been discharged as a bankrupt.   The tenth and eleventh paragraphs of the bill are as follows:

"10. That your orator is informed and believes, and so

charges, that the said Rosina Bright has personal and real estate, or the proceeds thereof, which belonged to her said husband at the time of his insolvency, of great value, to wit, of the value of $100,000 more or less, the title to and possession of which she acquired through the conveyance of the same to her without sufficient valuable consideration, by the said George Lerch and others, with the intent to prevent the same from being made liable for the payment of the debts of the said George Bright, whereby your orator was prevented from collecting its debt on said judgment.

"11. Your orator further shows that it is informed and believes, and so charges, that the said George Lerch, George Bright, and others, and Rosina Bright confederated and conspired together to hinder and delay your orator and other creditors from collecting the debts owing to them by the said George Bright, by means of such sales, conveyances, and transfers, as aforesaid, to the said George Lerch and others, and by them to the said Rosina Bright. Your orator believes that the said Rosina Bright can make discovery of such facts as will enable your orator to have satisfaction of its judgment aforesaid."

Discovery in aid of an execution is prayed for, and a number of interrogatories propounded, which it is prayed the said Rosina Bright may be required to answer.

To this bill of complaint, the defendant filed the following plea, stripped of its formal parts:

That the said George Bright, in the said bill mentioned, against whom the plaintiff claims to hold a judgment, as in said bill set forth, in his lifetime, to wit, on the 28th day of February, 1868, and subsequent to the date of said claim and judgment, filed a petition in bankruptcy, in the district court of the United States, for the eastern district of Pennsylvania, to No. 505, in bankruptcy, and was, on the 7th day of March, 1868, duly adjudged a bankrupt, which adjudication of bankruptcy was filed of record in said court, on the 10th day of March, 1868; that the judgment and claim of the said plaintiff against the said George Bright is set forth in the schedule of indebtedness, etc., filed with the petition in said bankruptcy proceedings, and that the plaintiff had notice of such proceedings; that at the first meeting of creditors, held on the 9th day of April, 1868, William R. Smith, Esq., of Pottsville, was nominated and chosen to be the assignee of the estate of said George Bright;

that on the same day John P. Hobart, Esq., a register in bankruptcy of said district, by virtue of the authority vested in him by the act of Congress entitled "An Act to Establish a Uniform System of Bankruptcy throughout the United States," approved the 2d day of March, 1867, did "convey and assign to the said William R. Smith, assignee as aforesaid, all the estate, real and personal, of the said George Bright, bankrupt, including all property of whatever kind of which he is possessed, or in which he was interested or entitled to have on the 28th day of February, 1868," which said election of assignee was duly approved by the court; and the said assignee accepted the appointment and properly qualified. And this defendant avers that the said plaintiff has no interest in the subject-matter of the bill, and no right to bring or maintain the said bill of complaint, or any other suit in respect thereof.

To this plea the complainant filed a demurrer. The case, however, was argued before the court, as though the plea had been set down for argument, as provided in rule 33 of equity practice.

Under the bankrupt act of 1867, Rev. Stat. 5044, it is provided that "as soon as an assignee is appointed and qualified, the judge or . . . register shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, : . . and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and by operation of law shall vest the title to all such property and estate, both real and personal, in the assignee," etc.

By § 5046 it is expressly provided that "all property conveyed by the bankrupt in fraud of his creditors; all rights in equity, . . . all debts due him or any person for his use, and all liens or securities therefor; and all his rights of action for property or estate, . . . together with the like right, title, power, and authority to sell, manage, dispose of, sue for, and recover, or defend the same, as the bankrupt might have had if no assignment had been made, shall, in virtue of the adjudication of bankruptcy and the appointment of his assignee, . . . be at once vested in such assignee." It is further provided, § 5047, that "the assignee shall have the like remedy to recover all the estate, debts, and effects in his own name, as the debtor might

have had if the decree in bankruptcy had not been rendered and no assignment had been made."

Under these provisions of the act the assignee succeeds, not only to the title which the bankrupt had, but acquires also the right to all property fraudulently conveyed by him, including the ability to set aside conveyances which the bankrupt himself would be estopped from impeaching. In this last capacity the assignee has all the powers of a judgment creditor, in invoking a court of equity to set aside and annul transfers of property made to defraud creditors. Aiken v. Edrington, 15 Nat. Bankr. Reg. 271, Fed. Cas. No. 111; Re Collins, 12 Blatchf. 548, Fed. Cas. No. 3,007.

A creditor cannot institute a proceeding to set aside a fraudulent conveyance after the commencement of proceedings in bankruptcy. Thurmond v. Andrews, 13 Nat. Bankr. Reg. 157.

The sole power to subject the property of the debtor to the payment of his debts is in the assignee in bankruptcy. Allen v. Montgomery, 10 Nat. Bankr. Reg. 503. The same principle is decided in Glenny v. Langdon, 98 U. S. 20, 25 L. ed. 43.

It is true that § 5057 of the Revised Statutes limits all suits, either at law or equity, between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, to two years from the time when the cause of action accrued for or against such assignee. To prevent the waste of the estate in profitless litigation, Congress has said to the assignee: "You shall commence no suit two years after the cause of action has accrued to you; nor shall you be harassed by suits, when the cause of action has accrued more than two years against you. Freelander v. Holloman, 9 Nat. Bankr. Reg. 331, Fed. Cas. No. 5,081; Bailey v. Weir, 12 Nat. Bankr. Reg. 24.

In Trimble v. Woodhead, 102 U. S. 647, 26 L. ed. 290, which in some of its facts is like the case in hand, it was said that the case of Glenny v. Langdon, 98 U. S. 20, 25 L. ed. 43, conclusively established the proposition that the rights asserted in the bill then before the court passed to the assignee in bankruptcy, and that a creditor could not assert them in his own name. The failure of the assignee to sue within two years did not transfer his right of action to the complainant. The right was certainly in the assignee. "Nor," said Mr. Justice Miller, "is the creditor of a bankrupt without remedy in such a

case as the present. If he is aware of the existence of property or credits, which should rightfully go to the assignee for the benefit of the creditors, he should inform the assignee of all he knows on the subject, and request him to proceed, by suit if necessary, to recover it. If he declines, a petition to the court of original jurisdiction would, if a proper case was made, compel the assignee to proceed. . . . In the present case, if any right exists to subject this property in the hands of Ann Woodhead to the payment of the debts of her husband, which existed prior to the bankruptcy proceedings, that right is in the assignee, and such right is not devested by anything shown in this case."

To the same point is the case of Moyer v. Dewey, 103 U. S. 301, 26 L. ed. 394.

A creditor will not be permitted to keep silence for two years, and then proceed in his own name to make his debt against the fraudulent holder of the property, really at the expense of the other creditors of the bankrupt. Trimble v. Woodhead, 102 U. S. 647, 26 L. ed. 290.

That a state court can proceed to enforce by process its liens obtained before an adjudication in bankruptcy is settled by a number of decisions, among which we refer to Biddle's Appeal, 68 Pa. 13; and Keller v. Denmead, 68 Pa. 449; Rohrer's Appeal, 62 Pa. 498; and Green v. Arbuthnot, 4 W. N. C. 357.

In Bevans v. Dingman's-Choice Turnp. 10 Pa. 174, which was a bill of discovery filed by a judgment creditor of an insolvent corporation, it was decided that the sequestrator was the only person who could have such a remedy, and that the judgment creditor must be confined to his sequestration. The reason assigned is that one creditor may not obtain a preference to the exclusion of all others. A sequestrator may avoid a fraudulent grant, and is armed with all the orders and decrees a court of chancery can enforce. Suydam v. North Western Ins. Co. 51 Pa. 394.

These cases were decided prior to the act of 1870, relating to executions against corporations; but their bearing upon the question now before us is obvious.

If the complainant has knowledge of any real estate of George Bright which is bound by the lien of its judgment, we know of no impediment to its seizure and sale, on process issued from this court. If levied upon, it would devolve upon the assignee

to intervene and arrest the proceedings on sufficient cause shown.

What is the effect, in view of the decisions in Zuver v. Clark, 104 Pa. 222, Armington v. Rau, 100 Pa. 165, and other cases, of the failure of the complainant to revive its judgment against the alleged fraudulent grantees of George Bright, referred to on the argument, need not now be decided. Nor is it necessary, we think, to dispose of the point made on the argument: that a bill of discovery will not lie against third parties alone, but must include the defendant in the judgment; or, if he be deceased, as in this case, his legal representatives. It may be conceded that the language of the act of 1836, relating to discovery, favors this construction. It provides (§ 10): "Such bill may be filed against the defendant in judgment, and against any person having possession of such real and personal estate," etc. And by § 14, the sheriff is required to make known to the defendants that they appear at the time named to answer said bill, etc. Confining our decision to the question of the sufficiency of the plea, we think that the authorities referred to clearly show that it must be sustained. It follows, therefore, that the complainant's bill must be dismissed.

The assignments of error specified the action of the court below in dismissing the bill; in deciding that the defendant's plea must be sustained, and that the plaintiff had no interest in the subject-matter of the bill and no right to bring or maintain said bill; in not deciding that the defendant was bound to answer the bill of the plaintiff, and the interrogatories therein set forth; and in not deciding that the act of Congress, relating to bankruptcy, did not deprive the plaintiff of its right to discovery under the act of assembly of June 16, 1836.

*William L. Whitney* and *Benjamin W. Cumming,* for appellant.—The plaintiff has a right under the act of June 16, 1836, to proceed to obtain a discovery of any property, real or personal, in aid of its execution, belonging to George Bright, deceased, in the possession of Rosina Bright.

If the plaintiff, by its bill, should succeed in discovering any property, real or personal, subject to its execution, and a sale should take place under it, and questions should arise in regard to the distribution of the proceeds of sale, it may be that the interference of the bankrupt court might be invoked by the credit-

ors of the bankrupt, in consequence of his assignment of all
of his property to an assignee. But until the happening of this
contingency, the intervention of the bankrupt court in the sub-
ject-matter could not be legally required.

Walters v. Oyster, 1 Sad. Rep. 173, shows that where the plain-
tiff makes himself no party to the bankrupt proceedings, and
does not prove his claim, and the assignee does not sell the real
estate, the lien of the judgment was preserved against the real
estate, even though the bankrupt was discharged in bankruptcy.

The court of common pleas in which a judgment is entered
has jurisdiction, after the defendant has been adjudged bank-
rupt, and a sale by the sheriff would pass a perfect title to the
purchaser. The purchaser acquires the interest of the defend-
ant at the date of the judgment, although he may have been
adjudged a bankrupt before the sale, and that he is unaffected
by any subsequent transfer by the debtor. Section 20 of the
bankrupt act of Congress, of March 2, 1867, expressly saves
the lien of a judgment, unless the judgment creditor releases or
conveys his claim to the assignee, and is admitted to prove his
whole debt. He is entitled, if he does not do so, to proceed and
realize whatever he can from his security. Fehley v. Barr, 66
Pa. 196.

No person is excused from answering a bill of discovery, in
relation to the fraudulent concealment of the property of the de-
fendant in a judgment, but the answer cannot be used in evi-
dence in any other suit or prosecution. The complainant may
by interrogatories propound to the defendant such questions
touching the subject-matter thereof as may be necessary and
proper. Brightly, Eq. § 496.

Large v. Bristol Steam Tow-Boat & Transp. Co. 2 Ashm.
(Pa.) 403, was the case of a bill filed, under the provisions of
the act June 16, 1836, relating to executions. It was a case of
a fraudulent transfer of property of the execution debtor. The
court said: "The plaintiff may indeed, if he is able, indemnify
the sheriff and try the integrity of the alleged transfer of the
property levied upon at law. But still he is entitled to appeal to
the defendant's conscience and, by appropriate interrogatories,
seek to extract the truth from him."

*S. H. Kaercher, George F. Baer,* and *John W. Ryon,* for ap-
pellee.—The plea filed in the court below set up the appoint-

ment of an assignee in bankruptcy. The demurrer admitted the appointment. Under the bankrupt act of 1867, 14 Stat. at L. 523, chap. 176, § 14 (Rev. Stat. 5046), it was expressly provided that "all the property conveyed by the bankrupt in fraud of his creditors; all rights in equity, . . . all debts due him or any person for his use, and all liens and securities therefor; and all his rights of action for property or estate, real or personal . . . and all his rights of redeeming such property or estate, with the like right, title, power, and authority to sell, manage, dispose of, sue for and recover, or defend the same, as the bankrupt might or could have had, if no assignment had been made, shall, in virtue of the adjudication of bankruptcy, and the appointment of his assignee, be at once vested in such assignee." "It is only through the instrumentality of his assignee that creditors can recover, and subject to the payment of their claims property which the bankrupt fraudulently transferred prior to the adjudication in bankruptcy, or which he conceals from and fails to surrender to his assignee." Glenny v. Langdon, 98 U. S. 20, 25 L. ed. 43; Trimble v. Woodhead, 102 U. S. 647, 26 L. ed. 290; Moyer v. Dewey, 103 U. S. 301, 26 L. ed. 394; Long v. Bullard, 117 U. S. 617, 29 L. ed. 1004, 6 Sup. Ct. Rep. 917.

As the right of action was vested exclusively in the assignee, if he should not exercise it, the title of the person holding it adversely becomes absolute as against the world, just as in the case of real estate held adversely against the owner for twenty-one years. And the application of this principle is not dependent upon the creditor having proved his debt, or the discharge of the debtor. Connell's Estate, 9 W. N. C. 406.

If the appellant has a valid lien on the real estate of the bankrupt, it can proceed in the usual way to sell and does not now need the aid of a court of equity.

Section 10 of the act of June 16, 1836, P. L. 789, provides that a bill may be filed against the defendant in the judgment, and against any person having possession of such real or personal estate, etc. But in this case the personal representative of the defendant, who died on June 29, 1884, as appears in § 3 of the complainant's bill, has not been made a party.

An execution cannot issue after the death of the defendant in the judgment without a scire facias to bring in the personal representatives. Wood v. Colwell, 34 Pa. 92.

How then can the appellant in the present proceedings ignore the personal representative of George Bright, and proceed therein as against his estate?

Where the debtor is dead, the personal representatives alone can recover the assets. Buehler v. Gloninger, 2 Watts, 226; Stewart v. Kearney, 6 Watts, 454, 31 Am. Dec. 482.

On general principles a creditor cannot maintain a bill where the debtor's estate becomes a trust for the benefit of creditors generally.

While a bill for the discovery of assets lies against a corporation, under the act of 1836, such bill can only be filed by a sequestrator. Bevans v. Dingman's-Choice Turnp. 10 Pa. 174.

A bill of discovery in aid of an execution is, under our statute, a very peculiar proceeding. "Hybrid in its form, being equitable as it respects the bill of discovery, and legal as it respects the scire facias and proceeding thereon." Page v. Heath, 56 Pa. 221.

Independently of the issue raised by the plea and demurrer in this case, the appellant's bill showed the absence of an equitable right to demand the relief prayed for. A chancellor will not entertain a bill for discovery, when the discovery, if made, would produce no beneficial results in favor of the plaintiff.

The bill shows that the lien of the judgment held by the bank is gone; and, as the authorities are now understood, it cannot be revived against this property in the hands of Mrs. Bright.

A prior lien creditor cannot question the validity of his debtor's conveyance. Armington v. Rau, 12 W. N. C. 113; Haak's Appeal, 12 W. N. C. 129; Zuver v. Clark, 104 Pa. 222; Rhoads's Appeal, 11 W. N. C. 276.

PER CURIAM:

A careful examination of this case and the authorities cited by the learned judge in his opinion, filed on dismissing the bill, fully sustains the conclusion at which he arrived.

Decree affirmed and appeal dismissed, at the costs of the appellant.